IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAVIS MICJAN and STEPHANIE MICJAN, )
Co-administrators of the Estate of DYLAN )
MICJAN, a deceased minor and in their own right, )
      Plaintiffs, )
       )
  vs )    Civil Action No. 14-855
       )
WAL-MART STORES, INC., GARAN, INC., and )
GARAN SERVICES CORP., )
      Defendants, )
       )
  vs )
       )
TRIBORO QUILT MANUFACTURING CORP., )
      Third-Party Defendant. )

## MEMORANDUM AND ORDER

Presently before the Court is a partial motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed by Defendant Wal-Mart Stores, Inc., seeking to dismiss four of the eleven claims asserted against them (Counts I, II, III, and IX) on the grounds that they are not cognizable under Virginia law. For the reasons that follow, the motion will be granted.

Plaintiffs, Travis Micjan and Stefanie Micjan,[1] co-administrators of the estate of Dylan Micjan, a deceased minor and in their own right, bring this action alleging various state common law and statutory tort claims against Defendants, Garan, Inc., and its subsidiary, Garan Services Corp. (together, the Garan Defendants) and Wal-Mart Stores, Inc. (Wal-Mart), arising out of the tragic death of their 3-month old son, Dylan Micjan, on March 25, 2012. Dylan died of asphyxia, which Plaintiffs contend resulted from Dylan rolling face first into a defective and

---

[1] Although many of the documents submitted use the spelling "Stephanie," the Complaint and the Letters of Administration indicate that her name is spelled "Stefanie." (ECF No. 16-2.)

dangerous crib bumper pad designed, manufactured, marketed, distributed and sold by Defendants. Defendants have impleaded Triboro Quilt Manufacturing Corp. as a third-party defendant to this action.

Procedural History

Plaintiff filed this action in the Court of Common Pleas of Allegheny County on May 30, 2014. The first nine claims were alleged on behalf of Dylan against Wal-Mart and then mirrored by claims ten through eighteen asserted against the Garan Defendants, as follows: strict liability for failure to warn (Counts I, X), strict liability for defective design (Counts II, XI), strict liability for a manufacturing defect (Counts III, XII), negligence (Counts IV, XIII), breach of express warranty (Counts V, XIV), breach of implied warranty (Counts VI, XV), fraud by concealment (Counts VII, XVI), negligent misrepresentation (Counts VIII, XVII), and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 (UTPCPL) (Counts IX, XVIII). Count XIX alleges that all Defendants violated the Virginia Consumer Protection Act, VA Code Ann. §§ 59.1-196 to 59.1-207. The final two counts asserted wrongful death claims in Plaintiffs' own right against Wal-Mart (Count XX) and the Garan Defendants (Count XXI).

On June 30, 2014, Wal-Mart, with the consent of the Garan Defendants, removed the action to this Court on the basis of diversity jurisdiction in that: Plaintiffs are Pennsylvania citizens[2]; Garan, Inc. is a Virginia corporation with its principal place of business in New York, New York; Garan Services Corp. is a Delaware corporation with its principal place of business in New York, New York; Wal-Mart is a Delaware corporation with its principal place of business

---

[2] After Dylan's death, Plaintiffs moved to Elco in Washington County, Pennsylvania and opened an estate for Dylan on February 14, 2014 in Washington County. (Compl. ¶ 1; ECF No. 16 at 2 & Ex. B.)

in Bentonville, Arkansas; and the amount in controversy, although not specifically alleged, very likely exceeds the sum of $75,000.00, exclusive of interest and costs, because it arises out of the death of an infant. 28 U.S.C. § 1332. (Notice of Removal ¶¶ 3-5, 9-13, 15 & Exs. F, G.)

On July 21, 2014, the Garan Defendants filed a partial motion to dismiss (ECF No. 8). Plaintiffs filed a brief in opposition on August 11, 2014 (ECF No. 16) and the Garan Defendants filed a reply brief on August 21, 2014 (ECF No. 20).

On September 2, 2014, the Court issued a Memorandum Opinion and Order which granted in part and denied in part the Garan Defendants' motion to dismiss (ECF No. 22.) Specifically, the Court granted the motion with respect to Counts X, XI, XII and XVIII and denied it with respect to Count XV on the ground that Virginia law applies to this case and thus these Pennsylvania law causes of action (strict liability, which is not recognized under Virginia law, and the UTPCPL, which is a Pennsylvania statutory claim) should be dismissed.[3]

Wal-Mart had filed an answer to the Complaint with cross-claims against the Garan Defendants on July 21, 2014. (ECF No. 10.) Following the Court's September 2 Memorandum Opinion and Order, Wal-Mart filed the pending motion for judgment on the pleadings on September 11, 2014. In the motion, Wal-Mart requests that the Court apply the law of the case to it and dismiss the corresponding claims for strict liability for failure to warn (Count I), strict liability for defective design (Count II), strict liability for a manufacturing defect (Count III) and violation of the UTPCPL (Count IX) on the ground that they are not cognizable under Virginia law. The law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule of

---

[3] Count XV, which alleged a claim of breach of implied warranty, was not dismissed because Virginia recognizes the same claim under its codification of the U.C.C. Wal-Mart has not moved to dismiss the corresponding claim asserted against it (Count VI).

practice promotes and efficiency of the judicial process by protecting against the agitation of settled issues." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (citations omitted).

On September 12, 2014, a briefing order was entered, giving Plaintiffs until October 3, 2014 to respond to Wal-Mart's motion for partial judgment on the pleadings. To date, Plaintiffs have not filed a response. Thus, they have not opposed the motion.

For all the reasons identified by the Court in the September 2, 2014 Memorandum Opinion and Order, Virginia law applies to this case and thus Counts I, II, III and IX, which allege claims under Pennsylvania law against Wal-Mart, should be dismissed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAVIS MICJAN and STEPHANIE MICJAN, )
Co-administrators of the Estate of DYLAN )
MICJAN, a deceased minor and in their own right, )
       Plaintiffs, )
        )
   vs )   Civil Action No. 14-855
        )
WAL-MART STORES, INC., GARAN, INC., and )
GARAN SERVICES CORP., )
       Defendants, )
        )
   vs )
        )
TRIBORO QUILT MANUFACTURING CORP., )
       Third-Party Defendant. )

## ORDER

AND NOW, this 4th day of November, 2014,

IT IS HEREBY ORDERED that the partial motion for judgment on the pleadings filed by Defendant Wal-Mart Stores, Inc. (ECF No. 23) is granted and Count I, II, III and IX of the Complaint are dismissed.

                                        s/Robert C. Mitchell
                                        ROBERT C. MITCHELL
                                        United States Magistrate Judge