IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS MICJAN and STEPHANIE MICJAN, Co-administrators of the Estate of DYLAN MICJAN, a deceased minor and in their own right, Plaintiffs, vs WAL-MART STORES, INC., GARAN, INC., and GARAN SERVICES CORP., Defendants. vs TRIBORO QUILT MANUFACTURING CORP., Third-Party Defendant. | Civil Action No. 14-855 |

O R D E R

On October 14, 2015, Defendant Wal-Mart filed a motion for protective order (ECF No. 69), in which it argues that Plaintiffs cannot inquire about its net worth for punitive damages purposes under Virginia law, and on October 22, 2015, the Garan Defendants filed an identical motion and motion for joinder in Wal-Mart's motion (ECF No. 75). Plaintiffs filed a response in opposition on October 22, 2015 (ECF No. 76).

Defendants contend that Plaintiffs have exceeded the Rule 33(a)(1) limit on 25 written interrogatories and that they should be excused from having to answer any questions about punitive damages until after liability and a prima facie right to recovery has been established. Plaintiffs respond that the interrogatories can be converted into requests for production and that some of the questions are relevant now to their negligence claims and theories. Defendants cite Moran v. International Playtex, Inc., 480 N.Y.S.2d (N.Y. App. Div. 1984), but that case was about liability for punitive damages and the amount, not to state a claim for negligence. Also,

the case is from New York, not Virginia and this Court has held that Virginia law governs this case.

Defendants do cite a Virginia case, <u>Lunt v. Prince George Cemetery Corp.</u>, 87 Va. Cir. 369 (2014), but in that case the court held that "evidence of the Defendant's net worth is relevant, but not discoverable, based on the allegations and Plaintiff's request for punitive damages. This Court rules that evidence of net worth is a mitigating factor to a punitive damages claim, and it is the Defendant's burden to proffer this evidence." <u>Id.</u> at *2. Thus, the only reason the court did not order the defendant to produce this information was because it was the defendant's burden to proffer it. Moreover, Plaintiffs are not so much seeking to discover Defendants' net worth as they are pursuing evidence that Defendants had a motive for selling the product despite warnings that it was deadly, namely the profits they received from selling it.

AND NOW, this 28th day of October, 2015,

IT IS HEREBY ORDERED that the motion for protective order filed by Defendant Wal-Mart Stores, Inc. (ECF No. 69) is denied.

IT IS FURTHER ORDERED that the motion for protective order filed by Defendants Garan Services Corp. and Garan, Inc. (ECF No. 75) is denied.

s/Robert C. Mitchell<br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge