IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS MICJAN and STEPHANIE MICJAN, Co-administrators of the Estate of DYLAN MICJAN, a deceased minor and in their own right, Plaintiffs, | |
| vs | Civil Action No. 14-855 |
| WAL-MART STORES, INC., GARAN, INC., and GARAN SERVICES CORP., Defendants, | Magistrate Judge Mitchell |
| vs | |
| TRIBORO QUILT MANUFACTURING CORP., Third-Party Defendant. | |

MEMORANDUM OPINION AND ORDER

Presently before the Court is a motion for reconsideration (ECF No. 147) of this Court's Memorandum Opinion and Order (ECF No. 146) which granted in part and denied in part the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 123), filed by Defendant Wal-Mart Stores, Inc. (Wal-Mart) and later joined in by Defendants Garan, Inc., and its subsidiary, Garan Services Corp. (together, Garan) (ECF No. 128) and joined in by Third-Party Defendant Triboro Quilt Manufacturing Corp. (Triboro) (ECF No. 127). The motion was filed by Wal-Mart and then joined in by Triboro (ECF No. 148) and Garan (ECF No. 149). It has been fully briefed and oral argument has been held on it. For the reasons that follow, the motion will be denied.

Plaintiffs, Travis Micjan and Stefanie Micjan,[1] co-administrators of the estate of Dylan Micjan, a deceased minor and in their own right, bring this action alleging various Virginia state

---

[1] Although some of the documents submitted, including the notice of removal (and hence the caption of the case) use the spelling "Stephanie," the Complaint and her deposition indicate that her name is spelled "Stefanie." (ECF No. 126 Ex. A at 8.)

common law and statutory tort claims against Wal-Mart and Garan, arising out of the tragic death of their 3-month old son, Dylan Micjan, on March 25, 2012. Dylan died of probable asphyxia, which Plaintiffs contend occurred when his face became wedged in a defective and dangerous crib bumper pad that was manufactured by Triboro, licensed by Garan and sold by Wal-Mart. Defendants impleaded Triboro as a Third-Party Defendant to this action, although Wal-Mart subsequently dismissed its Third-Party Complaint.

In the motion for summary judgment, Wal-Mart contended that: Plaintiffs could not maintain their remaining survival actions (for negligence, breach of express warranties, breach of implied warranties, fraud by concealment, negligent misrepresentation, and violations of the Virginia Consumer Protection Act) because Virginia law permits them to pursue only wrongful death claims; that they could not recover on the wrongful death claim because of their own contributory negligence; that they could not maintain any claims alleging fraud because Wal-Mart made no representations and they did not rely on any; that Wal-Mart made no express warranties; that Plaintiffs did not rely on any implied warranties; that the estimates of Dylan's earning potential were based on pure speculation; and that Plaintiffs pointed to no evidence to support a request for punitive damages. Plaintiffs responded that they had presented sufficient evidence to recover on their claims, that the estimates of Dylan's earning potential were calculated with reasonable certainty and that Wal-Mart's actions were sufficient to support a request for punitive damages.

In a Memorandum Opinion and Order entered on December 13, 2016, the Court granted Wal-Mart's motion in part and denied it in part. Specifically, the motion was granted with respect to Counts V (breach of express warranties), VII (fraud by concealment), VIII (negligent misrepresentation) and XIX (Virginia Consumer Protection Act), granted in part and denied in

part with respect to Count VI (breach of implied warranty of fitness for a particular use dismissed, breach of implied warranty of merchantability retained) and denied with respect to Counts IV (negligence), XX (wrongful death), Plaintiffs' request for damages based on their deceased child's earning potential and Plaintiffs' request for punitive damages. As applied to Garan, the motion for summary judgment was granted with respect to Count XVII (negligent misrepresentation), granted in part and denied in part with respect to Count XV (breach of implied warranty of fitness for a particular use dismissed, breach of implied warranty of merchantability retained) and denied with respect to Counts XIII (negligence), XXI (wrongful death), Plaintiffs' request for damages based on their deceased child's earning potential and Plaintiffs' request for punitive damages. Triboro's motion was denied, because it could only be dismissed if all claims against Garan were dismissed and that was not the situation.

As a result, the remaining claims are: Count IV (negligence by Wal-Mart), Count VI (breach of the implied warranty of merchantability by Wal-Mart), Count XIII (negligence by Garan), Count XV (breach of the implied warranty of merchantability by Garan), Count XX (wrongful death claim against Wal-Mart) and Count XXI (wrongful death claim against Garan).

On December 22, 2016, Wal-Mart filed the instant motion for reconsideration (ECF No. 147) and both Garan (ECF No. 149) and Triboro (ECF No. 148) have joined in it. On January 17, 2017, Plaintiffs filed a brief in opposition (ECF No. 153). On January 31, 2017, Wal-Mart filed a reply brief (ECF No. 158), which was joined in by Garan (ECF No. 156) and Triboro (ECF No. 157). On March 2, 2017, oral argument was held on the motion.

<u>Standard of Review</u>

The Court of Appeals has stated that:

"The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco</u>

> Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment
> may be altered or amended if the party seeking reconsideration shows at least one
> of the following grounds: (1) an intervening change in the controlling law; (2) the
> availability of new evidence that was not available when the court granted the
> motion for summary judgment; or (3) the need to correct a clear error of law or
> fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA
> Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). In this case, Wal-Mart cites no intervening change in the law or availability of new evidence, so its motion raises only a claim that the Court committed a "clear error of law or fact."

Wal-Mart cites Qazizadeh v. Pinnacle Health Systems, for the standard that a court may permit reconsideration of orders granting partial summary judgment whenever "consonant with justice to do so." 2016 WL 5787352, at *2 (M.D. Pa. Oct. 4, 2016). However, in that case, the court observed that there was a split of opinion among district courts within the Third Circuit as to the appropriate standard of review, and the court sided with those courts that had accepted the broader "consonant with justice" standard. In this Court, most cases have cited the three factors from Max's Seafood Café and held that "a motion for reconsideration that "essentially restates, with added vigor, the arguments made previously" does not satisfy this "substantial standard." Peerless Ins. Co. v. Pennsylvania Cyber Charter Sch., 19 F. Supp. 3d 635, 651 (W.D. Pa. 2014) (Hornak, J.) (citation omitted).

However, other cases have indicated that, when the order at issue is interlocutory (such as an order granting in part and denying in part a motion for summary judgment), the greater discretion of the applying "consonant with justice" standard applies. See Sampath v. Concurrent

4

Tech. Corp., 2006 WL 2642417, at *2 (W.D. Pa. Sept. 13, 2006) (Gibson, J.); Square D Co. v. Scott Elec. Co., 2008 WL 4877990, at *1 (W.D. Pa. Nov. 12, 2008) (Fischer, J.) (same).

Nevertheless, even those courts that have applied the more lenient standard have held that "[w]hile a district court has the inherent power to reconsider an interlocutory order, '[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e).'" Morgan v. Hawthorne Homes, Inc., 2010 WL 1286949, at *2 (W.D. Pa. Mar. 31, 2010) (Cohill, J.) (quoting A & H Sportswear Co. v. Victoria's Secret Stores, Inc., 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001)). See also Sampath, 2006 WL 2642417, at *2 (rejecting motion that merely restated some argument that had previously been rejected). Thus, under either standard, Wal-Mart cannot obtain reconsideration by merely rearguing the merits of its motion for summary judgment. Yet that is what it is attempting to do.

Wal-Mart argues that Plaintiffs cannot proceed with both their survival action and their wrongful death action. It contends that, under Virginia law, because Dylan died from his injuries, Plaintiffs can maintain only a wrongful death action in this case.

Plaintiffs respond that Wal-Mart not only contests the issue of negligence but also causation for the alleged wrongful death by suggestion that: "Whatever the cause of death, [Dylan's] life could have been saved had Mr. and Mrs. Micjan not exhibited gross negligence in failing to check on their child for over eight (8) hours." (ECF No. 153 at 2) (quoting Wal-Mart Br. Support Mot. Summ. J., ECF No. 124, at 12.) Plaintiffs contend that, as absurd as this theory is (because expert testimony will establish that Dylan's death from asphyxiation took only 3-5 minutes), it would allow the jury to find that Defendants were negligent but that they were not the legal cause of Dylan's death because his parents failed to check on him and save him. As a result, the jury would find in favor of Defendants on the wrongful death claim and in favor of

5

Plaintiffs on the survival action for negligence. In its reply brief, Wal-Mart argues that Plaintiffs cannot maintain both claims because they assert one distinct harm.

At the oral argument, Wal-Mart contended that Plaintiffs' Complaint and evidence of the case supports only a theory of wrongful death. Plaintiffs argued that Wal-Mart "opened the door" to allowing a survival action by suggesting that they were contributorily negligent for having failed to check on Dylan while he was asphyxiating and that they could have saved him. Wal-Mart responded that Plaintiffs made up this scenario.

<u>Survival Actions and Wrongful Death Actions</u>

Under Virginia law,[2] survival actions are governed by Va. Code Ann. § 8.01-25, which provides as follows:

> Every cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive either the death of the person against whom the cause of action is or may be asserted, or the death of the person in whose favor the cause of action existed, or the death of both such persons. Provided that in such an action punitive damages shall not be awarded after the death of the party liable for the injury. Provided, further, that if the cause of action asserted by the decedent in his lifetime was for a personal injury and such decedent dies as a result of the injury complained of with a timely action for damages arising from such injury pending, the action shall be amended in accordance with the provisions of §8.01-56 [wrongful death statute]. As used in this section, the term "death" shall include the death of an individual or the termination or dissolution of any other entity.

Va. Code Ann. § 8.01-25.

Under Virginia law, an action for death by wrongful act is governed by Va. Code Ann. § 8.01-50, which provides as follows:

> A. Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, or of any ship or vessel, and the acts, neglect, or default is such as would, if death had not ensured, have entitled the party injured to maintain an action, or to proceed in rem against such ship or vessel or in personam against the owners thereof or those have control of her, and

---

[2] This Court has determined that Virginia law applies in this case. (ECF No. 22 at 10.)

> to recover damages in respect thereof, then, and in every such case, the person who, or corporation or ship or vessel which, would have been liable, if death had not ensured, shall be liable to an action for damages, or, if a ship or vessel, to a libel in rem, and her owners or those responsible for her acts or defaults or negligence to a libel in personam, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to a felony.

Va. Code Ann. § 8.01-50.

As set forth in Va. Code Ann. § 8.01-25, if a plaintiff, while alive, files a cause of action for personal injury and dies while the action is pending as a result of the same injury, then the cause of action is to be amended in accordance with Va. Code Ann. § 8.01-56. Wal-Mart contends that, while it was factually impossible for an action be filed on Dylan's behalf during his lifetime, Va. Code Ann § 8.01-56 remains instructive.

Va. Code Ann § 8.01-56 provides, in pertinent part, as follows:

> …when a person who has brought an action for personal injury dies pending the action, such action may be revived in the name of his personal representative. If death resulted from the injury for which the action was originally brought, a motion for judgment and other pleadings shall be amended so as to conform to an action under § 8.01-50, and the case proceeded with as if the action had been brought under such section. In such cases, however, there shall be but one recovery for the same injury.

Va. Code Ann. § 8.01-56. Wal-Mart cites Hendrix v. Daugherty, 457 S.E.2d 71 (Va. 1995), in which the Supreme Court of Virginia stated that "[t]he plain language contained in Code §§ 8.01-25 and -56 unequivocally mandates that a person may not recover for the same injury under the survival statute and the wrongful death statute." Hendrix, 457 S.E.2d at 75. See also Lucas v. HCMF Corp., 384 S.E.2d 92, 94 (Va. 1989) ("Code § 8.01-25 entitles a decedent's personal representative to file a motion for judgment seeking damages for personal injuries sustained by the decedent; however, if the injuries cause death, the recovery must be sought under Code § 8.01-50, the wrongful death statute.") It therefore argues that only the wrongful

death statute is applicable in this matter.

> However:
>
> a careful reading of §§ 8.01-25, -50 and -56 reveals that these sections do not require an election of remedy for the purpose of presenting evidence to the jury; they merely allow only one recovery for the same injury. Va. Code Ann. § 8.01-56. Further, while §§ 8.01-25 and -56 require amendment of an action for personal injury asserted by the decedent in his or her lifetime when such decedent dies as a result of the injury complained of with a timely action for damages arising from such injury pending, Id., the amendment aspects of these sections do not address actions originating after the death of a decedent. Defendants rely on Hendrix v. Daugherty, 249 Va. 540 (1995); however, Hendrix deals with a legal malpractice action and is factually distinguishable.
>
> Hendrix does not state that it necessarily follows, nor does it necessarily follow from Hendrix, that plaintiffs pleading both survival and wrongful death actions must elect. Only plaintiffs suing their former attorneys in malpractice must elect a theory under which to pursue that claim.

Brothers v. Rockingham Mem'l Hosp., 2008 WL 6745384, at *2-3 (Va. Cir. Ct. 2008) (quotation omitted). The court concluded as follows:

> Defendants contend that it is factually impossible to have died from, yet not died from, the injuries sustained in the fall. This is an accurate statement, however, Plaintiffs do not contend that Mrs. Brothers both died as a result of the fall and did not die as a result of the fall. § 8.01-25 does not require that a plaintiff plead or prove that the subject injury did not cause the decedent's death. Quite simply, Plaintiffs' Count I provides for recovery in the event that the jury finds (1) that Defendants' negligence caused the subject injury and (2) that injury caused Mrs. Brothers' death, whereas Count II provides for recovery where the jury finds only (1) that Defendants' negligence caused the subject injury (but do not find Plaintiffs have proved by a preponderance of the evidence that the injury caused the death). The survival action is plead in order to allow for the possibility of recovery where Plaintiffs are unable to prove the injury caused the death. These actions are not contradictory or mutually exclusive in either a legal of logical "sense".
>
> In essence, Defendants are attempting to force Plaintiffs to proceed solely under either § 8.01-50 or § 8.01-25, which flies in the face of § 8.01-281 [which allows parties to plead in the alternative].

Id. at *4.

Plaintiffs expressly indicated at the oral argument that they do not contend that they can

8

recover under both a survival action and a claim for wrongful death. Rather, they merely seek to retain the ability to present both theories to the jury until the cause of death is determined. See also Centra Health, Inc. v. Mullins, 670 S.E.2d 708 (Va. 2009) (administrators of deceased's estate were not required to elect whether to proceed with wrongful death or survival action before jury determined the cause of death). Contrary to Wal-Mart's current argument, it denies not only that its product was the proximate cause of Dylan's death but also that Dylan died of asphyxiation in the first instance, and it does contend that Plaintiffs' "gross negligence" in failing to check on Dylan for 8 hours was an alternative proximate cause of his death.[3]

Thus, Virginia law, as the Hendrix case and the Mullins case have delineated, does not require Plaintiffs to elect either a survival action or a wrongful death action relating to Dylan's death prior to trial, much less does it require this Court to make the election for Plaintiffs and dismiss the survival action.

Moreover, Wal-Mart's argument conflates the negligence action alleged in Count IV of the Complaint with all of the other claims Plaintiffs assert against Wal-Mart on Dylan's behalf, including the remaining claim of breach of the implied warranty of merchantability. Wal-Mart has not even argued, much less demonstrated, that this claim is "related to" Dylan's death merely because Wal-Mart allegedly committed this tort and he died thereafter. Therefore, even if the negligence action in Count IV had to be dismissed under Wal-Mart's theory, the breach of the

---

[3] Wal-Mart continues to argue that "if Plaintiffs are found even 1% contributory [sic] negligent, they are barred from any and all recovery." (ECF No. 155 at 2 n.1.) Although Virginia is a contributory negligence state, the reference to Plaintiffs being found "1% negligent" (which is unsupported by any citation to case law) is not the proper standard. Rather, the issue is whether the Plaintiffs were negligent and, if so, whether their negligence was a proximate cause of Dylan's death. Karim v. Grover, 369 S.E.2d 185, 186 (Va. 1988). As noted in this Court's Memorandum Opinion and Order on Wal-Mart's motion for summary judgment, Plaintiffs may have been negligent when they left a side rail of the crib in the lowered position, but if Dylan did not fall out of the crib, then their negligence is no bar to their recovery.

9

implied warranty of merchantability in Count VI would not be dismissed.  The same is true of Plaintiffs' claims against Garan for negligence (Count XIII) and breach of the implied warranty of merchantability (Count XV).

        An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAVIS MICJAN and STEPHANIE MICJAN, )
Co-administrators of the Estate of DYLAN )
MICJAN, a deceased minor and in their own right, )
      Plaintiffs, )
)
vs )    Civil Action No. 14-855
)
WAL-MART STORES, INC., GARAN, INC., and )
GARAN SERVICES CORP., )
      Defendants, )
)    Magistrate Judge Mitchell
vs )
)
TRIBORO QUILT MANUFACTURING CORP., )
      Third-Party Defendant. )

## ORDER

AND NOW, this 6th day of March, 2017,

IT IS HEREBY ORDERED that the motion for reconsideration filed by Defendant Wal-Mart Stores, Inc. (ECF No. 147), and joined in by Defendants Garan Services Corp. and Garan, Inc. (ECF No. 149) and by Third-Party Defendant Triboro Quilt Manufacturing Corp. (ECF No. 148) is denied.

                                            s/Robert C. Mitchell
                                            ROBERT C. MITCHELL
                                            United States Magistrate Judge